**Beulah M. WALDEN,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.**

**No. 86–1105.**

United States Court of Appeals,
Tenth Circuit.

Feb. 13, 1987.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Edwin L. Meese, Atty. Gen., Layn R. Phillips, U.S. Atty., Tulsa, Okl., Gayla Fuller, Patrick A. Hudson, and John M. Gough, Attys., Office of Gen. Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before McKAY and SEYMOUR, Circuit Judges, and SAM, District Judge.*

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.- 2. The cause is therefore ordered submitted without oral argument.

Plaintiff brought this action to obtain judicial review of defendant's administrative determination that she was not entitled to supplemental security income (SSI) benefits or widow's insurance benefits. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The district court affirmed the Secretary's determination, and plaintiff appeals.

Plaintiff was born in 1932. She completed the eighth grade. At the time of her applications, she was suffering from osteoarthritis, poor circulation, urinary tract infections, "nerves," and depression over the death of her husband. The administrative law judge (ALJ) heard plaintiff's testimony and reviewed the medical reports and other exhibits. He found that plaintiff had not shown a severe impairment and that she could return to her past work as a grocery store cashier, waitress, or cook.

---

* The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

Therefore, he determined that she was not disabled. The district court affirmed, based on its conclusion that the Secretary's findings were supported by substantial evidence and were based upon the correct legal standards.

■ On appeal, plaintiff suggests two reasons why her case should be remanded to the Secretary for further proceedings with respect to her claim for SSI benefits. First, she contends that the Secretary denied her claim at "Step 2" of the five-step sequential process, 20 C.F.R. § 416.920(c), which this court has determined is invalid. *See Hansen v. Heckler,* 783 F.2d 170 (10th Cir.1986). The Secretary responds that the claim was denied at "Step 4," 20 C.F.R. § 416.920(e). The record supports defendant's characterization of the facts. The ALJ specifically found that plaintiff could return to her past work (Vol. I, Item 4, Administrative Record at 19). Therefore, *Hansen v. Heckler, supra,* does not require us to remand plaintiff's case.

■ Plaintiff's second argument is that because she had nonexertional impairments, we should remand with instructions that the Secretary use a vocational expert to evaluate her claim. We decline to do so. Plaintiff had the burden of establishing disability. If she had made a prima facie showing that she could not return to her prior work, the Secretary would have had the burden of showing that there was work in the national economy that plaintiff could do. *See Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir.1985). Plaintiff never reached that point.

For the reasons stated above, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.