961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bonita B. FLOWERS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-5126.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 1
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID SAM, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff brought this action under 42 U.S.C. § 405(g) after the Secretary of Health and Human Services (Secretary) denied her application for Social Security disability benefits. Plaintiff filed a second application for disability benefits on November 30, 1987,[1] alleging disability since July 16, 1985, due to a back injury.
 
 
 6
 Plaintiff's request for benefits was denied initially and on reconsideration. Appellant's app. vol. II at 56-61. After a hearing, the administrative law judge (ALJ) denied Plaintiff's application. Id. at 9-17. The Appeals Council denied review, id. at 4-5, and the district court affirmed the Secretary's decision. Plaintiff appeals, asserting: (1) the ALJ should have obtained the opinion of a vocational expert, (2) Plaintiff met or equalled two listed impairments, (3) the ALJ erred in his evaluation of her complaints of pain, and (4) the decision of the Secretary was not based on substantial evidence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 7
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). "We must determine whether the Secretary's decision of nondisability ... is supported by substantial evidence, i.e., 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988) (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) ). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have the duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 8
 The Secretary has established a five-step sequential evaluation process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing five steps); 20 C.F.R. § 404.1520 (1991). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. See id. at 710 (citing Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989) ).
 
 
 9
 Plaintiff, a forty-one year old woman with a high school diploma and two years of college courses in accounting, claims disability since July 16, 1985, due to pain in her back, knee, hip and foot, and obesity. The ALJ determined at step four of the sequential evaluation process that Plaintiff was not eligible for disability benefits, concluding that she could return to her past relevant work as a clerical worker. Appellant's App. vol. II at 17.
 
 
 10
 Plaintiff contends that the ALJ was under a duty to obtain the opinion and testimony of a vocational expert regarding her ability to return to her past work. We disagree. Plaintiff had the burden to establish her disability. See Ray, 865 F.2d at 224. Because she did not establish her disability, the burden did not shift to the Secretary to show that there was work in the national economy that Plaintiff could do. See Turner v. Heckler, 754 F.2d 326, 328 (10th Cir.1985) (burden shifts to Secretary only upon showing by claimant that he can no longer engage in prior work). Therefore, the ALJ was under no obligation to seek additional information from a vocational expert. See Walden v. Bowen, 813 F.2d 1047, 1049 (10th Cir.1987) (per curiam) (vocational expert's evaluation not necessary where claimant failed to make prima facie showing that she could not return to her work).
 
 
 11
 Plaintiff next asserts that she meets or equals two listed impairments and, therefore, she is entitled to a determination that she is disabled without consideration of her age, education, or work experience. See Fulton v. Heckler, 760 F.2d 1052, 1055 (10th Cir.1985); § 404.1520(d). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (footnote omitted). Similarly, to establish that her unlisted impairment is "equivalent" to a listed impairment, a claimant must present medical findings equal in severity to all the criteria for the most similar listed impairment. Id. at 531.
 
 
 12
 Plaintiff maintains that she meets the requirements of Listing 1.05, Disorders of the Spine:
 
 
 13
 C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 14
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 15
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory reflex loss.
 
 
 16
 20C.F.R. Part 404, Subpt. P, App. 1, § 1.05 (1991).
 
 
 17
 Plaintiff acknowledges that the determination of whether a claimant's condition meets a listing or the equivalent of a listing is to be based solely on medical findings. Appellant's Brief at 10. See Kemp v. Bowen, 816 F.2d 1469, 1473 (10th Cir.1987); 20 C.F.R. §§ 404.1525-1526 (1991). Yet she relies exclusively on her own statements, not medical findings, to establish the requisite "[p]ain, muscle spasm and significant limitation of motion in the spine." § 1.05(C)(1). See Appellant's Brief at 11 (citing Appellant's App. vol. II at 34-39). Furthermore, Plaintiff asserts that numbness in her leg is "similar to motor loss" to meet the listing requiring "[a]ppropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss." § 1.05(C)(2). See Appellant's Brief at 11. Plaintiff offers no authority to establish that numbness is medically equivalent to significant motor loss with muscle weakness and sensory and reflex loss. See § 404.1526(b). We, therefore, determine that Plaintiff has not met the requirements, or their equivalent, for Listing 1.05, Disorders of the Spine.
 
 
 18
 Plaintiff also claims that she meets the following requirements for Listing 10.10, Obesity:
 
 
 19
 Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level) and one of the following:
 
 
 20
 A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine....
 
 
 21
 20 C.F.R. Part 404, Subpt. P, App. 1, § 10.10 (1991).
 
 
 22
 Although Plaintiff meets the weight value specified in Table II, she concedes that she lacks one of the other criteria, that of x-ray evidence of arthritis. She maintains that her "history of pain and limitation of motion" equals the listing. Appellant's Brief at 12. We decline to adopt Plaintiff's argument that subjective evidence of pain and limitation of motion can substitute for objective medical evidence in the form of x-rays to evaluate a claimant's qualification under Listing 10.10. See Kemp, 816 F.2d at 1473 ("In all events, the determination of medical equivalence is to be based solely on medical findings."); § 404.1526(b). Accordingly, Plaintiff has not demonstrated that her disability meets Listing 10.10 or its equivalent.
 
 
 23
 Plaintiff next claims that the ALJ did not properly consider her allegations of pain. She argues that the ALJ did not apply properly the standard articulated in Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987). Appellant's Brief at 13-17. To the contrary, the ALJ considered the Luna standards, but concluded that Plaintiff's "impairments are not of such severity, when considered singly or in combination, that she could reasonably be expected to experience the severe degree of pain and functional loss that she alleges." Appellant's App. vol. II at 16; see generally id. at 11-17.
 
 
 24
 "Subjective complaints of pain must be evaluated in light of plaintiff's credibility and the medical evidence." Ellison v. Sullivan, 929 F.2d 534, 537 (10th Cir.1990). The ALJ's determination of credibility is afforded special deference. Williams, 844 F.2d at 755. The ALJ is entitled to examine the medical record and evaluate a claimant's credibility to determine whether a claimant's pain is so severe as to preclude any substantial gainful employment. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990) (per curiam). "The ALJ reasonably concluded based on the medical evidence presented that plaintiff was capable of working despite [her] assertions to the contrary. We cannot say this finding was not supported by substantial evidence." Ellison, 929 F.2d at 537.
 
 
 25
 Lastly, Plaintiff claims that the decision of the Secretary is not supported by substantial evidence. We have carefully examined the record, including a lengthy and thorough decision by the ALJ and a comprehensive opinion by the district court. We have considered Plaintiff's arguments in light of the record, and we cannot say the decision was not based on substantial evidence.
 
 
 26
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A previous denial of benefits was not appealed to the district court