976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nelson BOWEN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-7035.
 United States Court of Appeals, Tenth Circuit.
 Sept. 23, 1992.
 
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Nelson Bowen appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny Claimant's application for Social Security disability benefits under 42 U.S.C. §§ 416(i) and 423. We affirm.
 
 I. Background
 
 3
 Claimant filed his application for benefits on March 16, 1989, alleging disability since May 15, 1988. Claimant, a fifty-five year old man with a fifth-grade education, claims disability due to nervousness, headaches, depression, arthritis, and stomach problems. His application was denied initially and on reconsideration. Claimant requested and received a hearing before an administrative law judge on January 29, 1990. The ALJ determined that Claimant was not disabled under 42 U.S.C. 1382c, and denied benefits. The Appeals Council denied Claimant's request for review of the decision.
 
 
 4
 Claimant filed a complaint in the United States District Court for the Eastern District of Oklahoma under 42 U.S.C. § 405(g). A magistrate judge submitted findings and recommended that the decision of the ALJ be affirmed. The district court agreed and adopted the magistrate judge's findings and recommendation. Claimant appeals this decision.
 
 II. Discussion
 
 5
 On appeal, Claimant contends that (1) the decision of the ALJ is not based on substantial evidence; (2) the ALJ failed to fully develop the record, specifically regarding Claimant's allegations of disabling pain and mental condition; and (3) the ALJ erred in failing to obtain the testimony of a vocational expert.
 
 
 6
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 7
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. §§ 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (providing an in-depth discussion of the five steps). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. Id. The ALJ's determination in this case ended at step four when he concluded that Claimant was able to return to his past relevant work as a park employee doing general clean up and maintenance.
 
 
 8
 The ALJ has a duty to fully develop the record, especially when the claimant has little education and is unrepresented at the hearing. Hill v. Sullivan, 924 F.2d 972, 974 (10th Cir.1991) (per curiam). In all cases the ALJ has a duty of inquiry " 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.' " Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987) (quoting Heckler v. Campbell, 461 U.S. 458, 471 n. 1 (1983) (Brennan, J., concurring)).
 
 
 9
 Although claimant has limited formal education, he was represented by an attorney at the hearing. Claimant contends that the ALJ did not fulfill his duty to "participate in" and develop Claimant's case. Appellant's Br. at 7-9. He argues that the ALJ did not ask questions of Claimant and "[t]he brief 15 minute hearing did not amount to a full and fair hearing." Id. at 16. The length, or brevity, of a hearing is not indicative of whether or not the ALJ met his duty to fully develop the record. See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992).
 
 
 10
 As stated earlier, the burden of proof through step four remains with the claimant. Williams, 844 F.2d at 751 n. 2. It is not enough for a claimant to establish a diagnosis of a particular condition; he must also establish that the condition is severe enough to be disabling. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (a diagnosis of arthritis does not prove the severity of the condition). The question on appeal is not whether the Claimant presented evidence which would support a different decision, but whether he presented sufficient evidence to support the decision reached. Although the record indicates that Claimant sought infrequent medical attention for his arthritis, he presented no x-rays or other clinical evidence of the severity of the condition. Regardless of Claimant's contention to the contrary, the ALJ, although obligated to fully develop the record, is not required to obtain sufficient evidence to find a claimant disabled.
 
 
 11
 The ALJ found Claimant's complaints of pain to lack credibility. A claimant is required to produce objective medical evidence indicating the existence of an impairment " 'which could reasonably be expected to produce the pain ... alleged.' " Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987) (quoting 42 U.S.C. § 423(d)(5)(A)). We must determine (1) whether a claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the impairment and a claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, a claimant's pain is in fact disabling. Luna v. Bowen, 834 F.2d at 163-64.
 
 
 12
 The ALJ noted that during Claimant's examination by Dr. Richard Winters, a consulting physician, Claimant complained that he had quit his job because of arthritis, R. Vol. II at 159, but that during a psychosocial evaluation by Carl Albert Community Mental Health Center on February 14, 1989, Claimant reported that he had quit his job because of depression and withdrawal, id. at 147. Although Dr. Winters' examination supports a diagnosis of mild to moderate degenerative arthritis, R. Vol. II at 160, there is no clinical evidence in the record which would support Claimant's allegations of severe pain.
 
 
 13
 Credibility determinations by the ALJ are generally binding on review. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). There is no real dispute that Claimant's arthritic condition may potentially result in the kind of pain he alleges. The question therefore is whether there is substantial evidence to support the ALJ's determination, contrary to Claimant's own testimony regarding his pain, that Claimant can perform the work activities associated with his past relevant work. Claimant was given an adequate opportunity to describe his pain and how the pain limited his activities. An inability to work without pain is not sufficient support for a finding of disability. Id. Even assuming that Claimant satisfied the first two criteria of Luna, on the basis of the medical data and Claimant's own testimony as to the severity and limitations of his pain, the ALJ properly concluded that Claimant's pain is not disabling.
 
 
 14
 Claimant also argues that the ALJ failed to adequately consider Claimant's mental condition. Claimant alleges that he suffers from a "major disabling depression which should have been further developed by the Administrative Law Judge." Appellant's Br. at 12. In evaluating mental impairments, the Secretary must determine whether a mental disorder exists and whether the disorder, alone or combined with other impairments, constitutes a disability. See 42 U.S.C. 423(d)(1)(A).
 
 
 15
 At the Secretary's request, the Claimant was examined by a psychiatrist, Dr. Harold Grant. Dr. Grant stated that Claimant's intellectual functioning is dull normal, but that his ability to relate is unimpaired, his cooperation is average, his affect is appropriate, his speech is comprehensible, he shows no loosening of associations, and his orientation for time, place, and person is intact. R. Vol. II at 169-70. Dr. Grant noted that Claimant suffers from a depressive disorder and a dependent personality disorder, but that his alcohol dependence is in partial remission. Id. at 170. He opined that in relation to Claimant's ability to carry out work-related activities, Claimant's relationships with others is unimpaired, he would probably accept supervision, his attention is fair, his application is fair to poor, and his comprehension of instructions is good. Id. at 171.
 
 
 16
 The ALJ determined that Claimant's mental impairments are not severe enough to meet or equal the severity set forth in the regulations. Once Claimant has established a mental impairment, he must then provide evidence to establish a disabling impairment under the listings. See 20 C.F.R. § 404 Subpt. P, App.I. Claimant must exhibit marked or frequent functional limitations in two of the listed behavior signs to establish disability.[1] While evidence of Claimant's depression and alcohol dependency is documented, substantial evidence supports the ALJ's determination that these conditions do not affect Claimant's ability to function in a work environment.
 
 
 17
 Finally, Claimant contends that the ALJ was under a duty to obtain the testimony of a vocational expert regarding his ability to perform his past relevant work. Claimant again insists upon misplacing the burden of proof upon the ALJ. The burden shifts to the Secretary only upon a showing by Claimant that he has a disability which prevents him from performing his past relevant work. Turner v. Heckler, 754 F.2d 326, 328 (10th Cir.1985). Therefore, the ALJ was under no obligation to obtain the opinion and testimony of a vocational expert. See Walden v. Bowen, 813 F.2d 1047, 1049 (10th Cir.1987) (per curiam) (ALJ not required to seek opinion of vocational expert when claimant fails to establish prima facie case of disability).
 
 
 18
 In summary, Claimant failed to produce sufficient evidence to support a conclusion that he could not continue his past relevant work. Therefore, following a thorough review of the record on appeal, we conclude that the Secretary's determination that Claimant is not disabled within the meaning of the Social Security Act is supported by substantial evidence. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 The criteria set forth in 20 C.F.R. § 404.1520a(b)(3) are:
 
 
 [1]
 Restrictions of activities of daily living;
 
 
 [2]
 Difficulties in maintaining social functioning;
 
 
 [3]
 Deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner;
 
 
 [4]
 Episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms