5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gilbert R. LAMB, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-4002.
 United States Court of Appeals, Tenth Circuit.
 Sept. 7, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Gilbert Lamb appeals an order of the district court affirming the decision of the Secretary of Health and Human Services denying his request for social security disability benefits and for supplemental security income disability benefits.
 
 
 3
 On appeal, claimant contends that (1) the Secretary's finding that claimant's allegations of pain were not credible is not supported by substantial evidence; (2) the Secretary erred in discounting the opinions of claimant's treating physicians; and (3) the Secretary erred in determining that claimant was capable of returning to his past relevant work as a motel manager.
 
 
 4
 Claimant was fifty-three years old at the time he filed for social security disability benefits on October 20, 1989. Claimant has a tenth grade education with a General Equivalency Diploma. He claims he first injured his back in December of 1984, while working in electrical maintenance for the Jordon School District in Sandy, Utah. In March 1985, claimant underwent a lumbar discectomy at L4-5 and L5-S1 with an interbody fusion. Appellant's App. at 172.
 
 
 5
 Claimant claims disability from July 15, 1989, due to "spinal arthritis, hearing loss, [and] failed back discectomy." Appellant's App. at 205. His application was denied initially and on reconsideration. Claimant requested, and was granted, a hearing before an administrative law judge (ALJ), who determined that claimant was not disabled. The ALJ denied claimant's application for benefits, finding that claimant was able to return to his past relevant work as a motel manager as this job is performed in the national economy. The Appeals Council declined to review the ALJ's decision. The decision thus became the final decision of the Secretary. Claimant filed for review and the district court affirmed. Claimant appeals. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 6
 Claimant obtained a worker's compensation settlement because of his on-the-job back injury and used the money to purchase a motel which he ran with the help of his wife and children. The motel was not financially successful and was lost in bankruptcy on July 15, 1989, claimant's alleged disability onset date.
 
 
 7
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 8
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(providing an in-depth discussion of the five steps). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The claimant has the burden of proving a disability that prevents him or her from engaging in prior work activity. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). Once such a showing is made, the burden shifts to the Secretary to show the claimant can perform jobs existing in the national economy. Id.
 
 
 9
 Following the hearing, the ALJ found that claimant has severe impairments due to failed back surgery, a shoulder condition, and a credible degree of pain. Appellant's App. at 127. However, the ALJ found that claimant's other complaints were lacking in the requisite severity to exert a significant effect on his ability to work. Id.
 
 
 10
 The ALJ found that claimant's back and shoulder impairments did not meet the listing in Appendix 1, Subpart P, Regulations No. 4. Id. at 128. The ALJ further found that, although claimant was restricted from work involving lifting and carrying more than twenty pounds occasionally and lifting and carrying more than ten pounds frequently, walking more than fifty to seventy-five yards at a time, and sitting or standing no more than fifteen minutes at a time, he had the residual functional capacity to return to his past relevant work as a motel manager which the vocational expert categorized as skilled, sedentary work. Therefore, the ALJ concluded his analysis at step four with a finding of no disability.
 
 I.
 
 11
 Initially, claimant contends that the ALJ's determination that claimant's subjective complaints of pain are not wholly credible is in error. See Ellison v. Sullivan, 929 F.2d 534, 537 (10th Cir.1990)("Subjective complaints of pain must be evaluated in light of plaintiff's credibility and the medical evidence."). We give the credibility determinations of the ALJ great deference. Williams, 844 F.2d at 755. Our review of the record in this case affords us no basis for disturbing the ALJ's determinations.
 
 
 12
 Claimant argues that his impairments, in combination with the pain he complains of, are disabling. In evaluating a claimant's allegations of disabling pain, the ALJ must find the pain to be " 'so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir.1986)(quoting Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983)).
 
 
 13
 Claimant argues that the ALJ failed to evaluate the effect of claimant's pain under the framework set forth in Luna v. Bowen 834 F.2d 161 (10th Cir.1987), and the guidelines set forth in Social Security Ruling 88-13. In Luna, we held that once a claimant has shown the existence of a pain-producing impairment and a nexus between the impairment and his subjective allegations of pain, the ALJ may not simply rely on objective medical data to determine whether the claimant suffers from disabling pain. Luna, 834 F.2d at 164-65.
 
 
 14
 Claimant's initial back injury occurred in 1984, followed by back surgery in 1985. Following his back surgery, a history and physical report prepared by Doxey-Hatch Medical Center indicates that claimant's "pain has improved considerabley (sic) since surgery, but he has continued with muscle spasms in the lower back and limitation of motion." Appellant's App. at 175. Claimant was again examined by Dr. Robert E. Morrow in July 1986, one year after surgery. In his report, Dr. Morrow opined that claimant was unable to work for approximately six to eight months due to pain. Id. at 184. In addition, Dr. Morrow stated that claimant was scheduled for surgery to do a "posterior lateral transverse process fusion L4-S1" on July 3, 1986, and that claimant's prognosis was good with further surgery.[2] Id.
 
 
 15
 There follows a total absence of objective medical evidence from this point until August 4, 1989, when claimant was examined by Dr. David R. Heiner who diagnosed "thoracic spine pain, [and] failed back surgery syndrome" and opined that claimant is unable to work. Id. at 181. Dr. Heiner stated that although claimant complained of chronic low back pain, he sought treatment for "upper thoracic back pain and discomforts" which Dr. Heiner diagnosed as carpal tunnel.[3] Id. at 193.
 
 
 16
 A follow-up examination in November 30, 1989, apparently by Dr. Heiner, indicated that claimant still complained of low back pain, "exacerbated by walking up or down hills, walking extended distances, sitting for too long, [or] standing in one place for too long." Id. at 187. Claimant was using Motrin and Soma for the pain. At this time claimant reported that he did activities around the house, and occasionally works on his car. At the hearing claimant testified that he makes coffee, sweeps the floor, makes his bed and does the laundry. Id. at 129. He indicated he could walk for one hour at a time, drive his car locally, and make visits on other people of up to two hours. Id. He helps his children with their homework, dresses himself, watches TV, and reads. Id. at 130.
 
 
 17
 X-rays done in January 1990, indicate that claimant suffers from degenerative disc disease. Id. at 192. Following this x-ray, claimant was referred to Dr. Dan Fults, who issued a medical report in April 1990, diagnosing "cervical spondylosis" with "slight limitations" and remedial prognosis. Id. at 194. Dr. Fults stated that claimant was unable to work and opined that claimant may need additional back surgery. Id. at 194-95.
 
 
 18
 Following claimant's injury in 1984, and surgery and recovery period of 1985 and 1986, the record does not indicate that claimant sought any further medical treatment until after his motel went into bankruptcy in 1989. It was at this point that claimant alleges he became disabled.
 
 
 19
 Contrary to claimant's assertions, the ALJ did adequately consider Luna and the guidelines set forth in Social Security Ruling 88-13, which identifies nonmedical evidence to be considered when evaluating a claimant's subjective complaints of pain. In finding claimant's allegations of pain less than credible, the ALJ considered the opinions of claimant's physicians, Appellant's App. at 127-28, his lack of pain medication except for Motrin and Soma, the various treatments he claimed he tried, id. at 128, and his own recitations of his daily activities, id. at 129-30. Claimant's medical and treatment history undermines his claim that his back pain is disabling. Our review of the record supports the ALJ's determination that claimant's complaints of pain are not totally credible. While claimant does experience pain, an inability to work pain-free is not sufficient reason to hold that he is disabled. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988).
 
 II.
 
 20
 Second, claimant argues that the ALJ erred in "discount[ing] Mr. Lamb's treating physicians' opinions without good cause." Appellant's Br. at 13. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987)(holding that if ALJ disregards opinion of treating physician, he must set forth specific, legitimate reasons for doing so). Contrary to claimant's contentions, it does not appear that the ALJ ignored the reports of his treating physicians, but only discounted them insofar as they relied upon the claimant's less than fully credible statements and descriptions of his symptoms in forming their opinions. Appellant's App. at 130. Therefore, it does not appear that the ALJ disregarded those opinions which were supported by objective medical evidence, and he gave sufficient and adequate reasons for those portions of the opinions he did discount.
 
 III.
 
 21
 Finally, claimant argues that the ALJ erred in determining that he could return to his past relevant work as a motel manager. A claimant bears the burden of proving that he is unable to return to his past relevant work. Ray, 865 F.2d at 224. If a claimant fails in this burden, he cannot be considered disabled within the meaning of the Social Security Act. 20 C.F.R. 404.1520(e), 416.920(e).
 
 
 22
 Claimant argues that Social Security Ruling 82-61 requires the ALJ to determine whether a claimant can return to his past relevant work as actually performed by the claimant. We do not agree. Claimant must demonstrate that he is unable to return to his past relevant work, both as he performed it and as it is performed in the national economy. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1052 (10th Cir.1993). Therefore, although there is substantial evidence in the record to indicate that plaintiff may not be able to meet the requirements of his former work as he performed it, the ALJ found substantial evidence exists to indicate he can return to the job of motel manager as it is generally performed.
 
 
 23
 In addition, the vocational expert testified that, in the event the pain experienced by claimant was such that it would cause a deterioration in his ability to concentrate, there were still sedentary to light jobs he could perform which would be less skilled and require less concentration than that of motel manager. He suggested that claimant would be able to perform the duties of a gate tender or a customer complaint clerk, and that these jobs existed in sufficient numbers in the national economy. See Appellant's App. at 164-165.
 
 
 24
 Also, claimant argues that the ALJ's proffered hypothetical to the vocational expert was incorrect and misleading because it did not include claimant's allegations of depression and stress. However, the ALJ found that claimant's allegations of disabling depression and stress were not supported by substantial evidence. Therefore, the ALJ was under no obligation to include these alleged impairments in the hypothetical. See Jordan v. Heckler, 835 F.2d 1314, 1317 (10th Cir.1987)(ALJ's failure to include complaints of pain in hypothetical was not inappropriate as there was not sufficient evidence that pain interfered with claimant's ability to work). Even if the ALJ had included claimant's unsupported complaints in the hypothetical, the vocational expert's opinion based on this hypothetical would not be binding on the ALJ. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990)(vocational expert's opinion based on unsubstantiated impairments in hypothetical not binding on ALJ).
 
 
 25
 Finally, claimant appears to assert that because he was fifty-four years old at the time of the hearing, he should have been found disabled under 20 C.F.R. Part 404, Subpart P, Appendix 2, 201.00(g). Rule 201.00(g) states that individuals "approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals ... can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains." The ALJ found that claimant was capable of returning to his past relevant skilled work as a motel manager, a determination affirmed by this court. Therefore, this argument is without merit.
 
 
 26
 After thorough review of the record, we determine that the record supports the ALJ's conclusion that claimant was able to return to his past relevant work, or to available, alternative work. Therefore, the judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 There are no hospital or clinical records to indicate that claimant ever underwent further back surgery
 
 
 [3]
 The record indicates that claimant underwent successful bilateral carpal tunnel surgery sometime in 1989