**Robert L. ELLISON,**
**Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary**
**of Health and Human Services,**
**Defendant–Appellee.**

**No. 90–3126.**

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1990.

Publication Ordered March 29, 1991.

Stephen M. Kirschbaum, Wyandotte–Leavenworth Legal Services, Kansas City, Kan., for plaintiff-appellant.

Lee Thompson, U.S. Atty., and Robert A. Olsen, Office of the U.S. Atty., for defendant-appellee.

Before LOGAN, SEYMOUR, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

This appeal is from an order of the district court affirming the Secretary's denial of plaintiff Robert L. Ellison's request for disability benefits and supplemental security income.[1] The administrative law judge determined plaintiff was not entitled to these benefits because he was not disabled as defined in the Social Security Act. *See* 42 U.S.C. § 423(d)(1)(A) and 1382c(a)(3)(A). On appeal, plaintiff argues the ALJ erred by failing to find plaintiff's impairment met or equalled the Listings of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1, failing to correctly evaluate plaintiff's testimony regarding his pain, and failing to adequately consider the combination of plaintiff's exertional and nonexertional impairments in determining whether plaintiff is capable of returning to work. We affirm.

We review to determine whether the record as a whole contains substantial evidence supporting the ALJ's determination. 42 U.S.C. § 405(g). We must evaluate the record to ascertain whether there is evidence to support the ALJ's decision, regardless of whether we would have reached a different result based on the record. *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir.1986). Evidence is not substantial if it is overwhelmed by other evidence or if it is actually mere conclusion. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir.1988). We must also determine whether the Secretary's action is consistent with the Social Security Act and the relevant regulations and case law. Failure to apply the correct legal standard is grounds for

reversal. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984).

■ A review of the record in this case convinces us the ALJ did not err in determining plaintiff's impairment did not meet or equal the Listing of Impairments. Plaintiff contends the evidence presented demonstrated he met sections 12.05(C), 12.05(D), 12.06 and 12.07 of the Listings. Section 12.05 addresses mental retardation and autism. To meet or equal Section 12.05(C), one must satisfy a two-part test. First, the claimant must show a valid verbal, performance, or full scale I.Q. score on the WAID–R scale of 60 to 69. He or she must also exhibit a physical or other mental impairment imposing additional and significant work-related limitation of function. In this case, plaintiff underwent considerable psychological testing. His lowest score was a verbal I.Q. of 72. Plaintiff therefore did not meet the first part of the section 12.05(C) test. The question whether a claimant meets or equals a listed impairment is strictly a medical determination. 20 C.F.R. §§ 404.1526(b), 416.926(b). To aid in that determination, the ALJ considered the expert opinions of those who determined plaintiff had an I.Q. above 69. Accordingly, the Secretary's conclusion that plaintiff did not meet the section 12.05(C) listing is supported by substantial evidence. *See Cockerham v. Sullivan*, 895 F.2d 492, 496 (8th Cir.1990) (claimant does not equal or meet section 12.05(C) if lowest I.Q. is not 69 or lower). Moreover, the ALJ noted that although plaintiff suffered from some forms of anxiety, there was expert testimony indicating he was able to adjust to a job and perform routine social and family responsibilities. Plaintiff therefore also failed to satisfy the second part of the section 12.05(C) test.

■ Plaintiff also claims he met or equaled the Listing at section 12.05(D). This provision, however, also requires a valid verbal, performance, or full scale I.Q. of 60

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.

App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

to 69 on the WAIS. Plaintiff's I.Q. scores clearly exceeded that range and therefore he is not disabled under this section for the same reasons he cannot meet or equal the Listing at section 12.05(C).

 The ALJ also properly concluded that plaintiff did not meet or equal the listing at section 12.06. We find substantial evidence in the record to support the ALJ's conclusion that plaintiff was not sufficiently limited to meet the "B" and "C" criteria for this Listing. For example, plaintiff's treating physician stated plaintiff was unimpaired in his ability to relate to others, engage in daily activities, maintain personal habits, and respond appropriately to supervision and co-workers. A treating physician's opinion is entitled to significant weight. *Williams v. Bowen,* 844 F.2d 748, 758 (10th Cir.1988).

Plaintiff also contends the ALJ erred in failing to properly consider his somatoform disorder under section 12.07 of the Listings. Plaintiff cites Dr. Biller's testimony that plaintiff "may be given to ... somatic concerns." This statement, however, does not suggest plaintiff has a somatoform disorder as that condition is described in section 12.07. Given the lack of evidence in the record, the ALJ did not err by not evaluating plaintiff's condition under section 12.07.

Plaintiff next argues the ALJ failed to correctly evaluate plaintiff's testimony regarding his pain. The ALJ found that although plaintiff suffered some discomfort, his subjective testimony regarding pain and limitation was not fully credible. Subjective complaints of pain must be evaluated in light of plaintiff's credibility and the medical evidence. *Brown v. Bowen,* 801 F.2d 361, 362–63 (10th Cir.1986); *Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir.1983). The ALJ reasonably concluded based on the medical evidence presented that plaintiff was capable of working despite his assertions to the contrary. We cannot say this finding was not supported by substantial evidence.

Plaintiff finally contends the ALJ failed to adequately consider the combination of his exertional and nonexertional impairments in evaluating plaintiff's ability to return to work. The ALJ properly relied on the testimony of a vocational expert that plaintiff had residual functional capacity for a limited range of light work and there were jobs he could perform. This testimony is substantial evidence supporting the ALJ's conclusion that plaintiff was not disabled. The order of the district court is AFFIRMED.