946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Levi S. DUNCAN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-7035.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Levi S. Duncan (claimant) appeals from a district court order affirming a decision of the Secretary denying social security disability benefits and supplemental security income benefits. Following a third evidentiary hearing, the administrative law judge (ALJ) found claimant not disabled and the Appeals Council adopted that finding and denied benefits.
 
 
 3
 Claimant's disability claim is based on the exertional and nonexertional limitations imposed by the painful degenerative condition of his lumbar spine. Beginning in 1979, claimant injured his back in a number of work-related incidents, and he has not engaged in substantial gainful activity since August of 1985, the alleged date of onset. The ALJ's determination turned on the fifth step of the controlling sequential analysis, i.e., after finding that (1) claimant was not gainfully employed, (2) claimant suffered from severe impairments, (3) claimant's impairments did not meet or equal one of the presumptively disabling impairments listed in the regulations, and (4) claimant was unable to perform his past relevant work, the ALJ concluded that (5) considering the claimant's residual functional capacity (RFC), age, education, and work experience, he was able to engage in other work and therefore was not disabled. See generally Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (summarizing five-step evaluation process); Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989) (same). In arriving at this final conclusion, the ALJ found claimant capable of performing a full range of sedentary work and, relying for guidance on both the testimony of a vocational expert and the pertinent Medical-Vocational Guideline (grid), i.e., 20 C.F.R., Pt. 404, Subpt.P., App. 2, Table No. 1, Rules 201.27, 201.28, determined that claimant could perform a significant number of jobs available in the economy. See generally Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988).
 
 
 4
 Claimant presents three issues for review, which, for ease of analysis, we shall address in the following order:
 
 
 5
 1. Whether the ALJ incorrectly assessed claimant's evidence of pain;
 
 
 6
 2. Whether the ALJ improperly equated claimant's school attendance with the ability to engage in substantial gainful activity; and
 
 
 7
 3. Whether the findings underlying the determination of claimant's nondisability are based on substantial evidence.
 
 
 8
 Appellant's Brief at 1. We review the Secretary's decision in connection with these issues "to determine whether the [Secretary's] findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991).
 
 
 9
 The framework for the proper analysis of claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). In brief, we must determine (1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. Id. at 163-64. The ALJ found that claimant has "a condition which could result in pain," Recommended Decision of July 20, 1989, at 3, and, for purposes of argument, we may assume the requisite link between that condition and claimant's subjective allegations of pain, cf. Williams v. Bowen, 844 F.2d 748, 753-54 (10th Cir.1988) (summarily holding that claimant with degenerative disk disease necessitating two surgical operations satisfied first two steps of Luna analysis). The decisive question is whether, on the basis of the medical data, any other objective indications of the degree of pain, and claimant's own account of its severity, the ALJ could properly discount claimant's subjective allegations and conclude that "claimant's capacity for the full range of sedentary work has not been significantly compromised by the nonexertional conditions." Recommended Decision of July 20, 1989, at 5.
 
 
 10
 The ALJ's decision reflects a thorough, reasoned evaluation of the pertinent evidence, which provides abundant support for the ALJ's findings on pain. See id. at 3-4. By way of challenge, claimant cites his own testimony and daily diaries, as well as a report of his treating physician, Dr. Albrand, whom claimant maintains "verified the [claimant's] complaints of pain." Appellant's Brief at 6, 20. While the former evidence from claimant clearly does not "overwhelm" the ample evidence recited in support of the ALJ's determination, see generally Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir.1990) ("[e]vidence is not substantial if it is overwhelmed by other evidence"), the opinion of claimant's treating physician is entitled to "special weight," Campbell v. Bowen, 822 F.2d 1518, 1523 n. 5 (10th Cir.1987). However, the report in question, and the myelogram and CT scan that followed closely thereon, actually support the ALJ's conclusion regarding the relatively limited nature of the degenerative condition of claimant's back disclosed by the objective medical evidence. See Appendix at 333-34 (Dr. Albrand report of May 14, 1987, noting impression of "low back pain due to strain" and scheduling diagnostic tests for disk herniation, but not including any mention of the pain-related sitting and standing limitations critical to claimant's disability claim[1]), 325-30 (documentation of diagnostic tests performed on May 27, 1987, showing no evidence of herniation or significant stenosis and only mild or minimal degenerative disk changes); see also id. at 342 (report of MRI performed on November 4, 1988, showing no evidence of herniation, only mild stenosis, and some disk degeneration with no change in disk space height). We hold that the ALJ's treatment of claimant's pain allegations was supported by substantial evidence.
 
 
 11
 We also reject claimant's contention that the ALJ improperly relied upon claimant's school attendance to find him not disabled. Far from mechanically equating schooling with substantial gainful activity, the ALJ simply noted that it was "consistent with [not determinative of] sedentary work and does not establish deficiencies of concentration" and that it illustrated claimant's lack of "difficulty with concentration, remembering and carrying out instructions in the classroom setting." Recommended Decision of July 20, 1988, at 3, 4 (emphasis added). It is plain from the ALJ's decision that claimant's school attendance was just one of a host of considerations leading to the determination of claimant's nondisability.
 
 
 12
 Finally, claimant argues that the ALJ's decision is not supported by substantial evidence because his pain and related limitations precluded the ALJ's express reliance on either the grids, see Gossett, 862 F.2d at 806 (grids can serve only as a framework to aid in step-five determination where pain affects range of activities claimant can participate in), or the unfavorable opinion of the vocational expert elicited by a hypothetical inquiry omitting these considerations, see Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990) (vocational expert's opinion regarding claimant's employment capabilities is probative only if premised on accurate and complete characterization of operative impairments). The necessary, if tacit, premise of this argument, however, is that these factors "significantly limit [claimant's] 'ability to perform the full range of work in a particular RFC' category [i.e., sedentary work] on a sustained basis." Williams, 844 F.2d at 752 (quoting Teter v. Heckler, 775 F.2d 1104, 1105 (10th Cir.1985)). Since we have already affirmed the ALJ's conclusion that claimant's capacity for the full range of sedentary work is not significantly affected by the consequences of his alleged pain,[2] we further hold that the ALJ's resultant step-five determination of nondisability was properly based on both the grids and the vocational expert's testimony regarding the jobs available to claimant with a sedentary RFC.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma affirming the Secretary's denial of benefits based on a finding of nondisability is, accordingly, AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Indeed, there is no post-onset instance documented in the record of any physician recognizing or imposing such limitations. The medical record is likewise devoid of any findings regarding claimant's general inability to engage in work-related activities
 
 
 [2]
 We note that claimant supplemented his claim of physical disability with allegations of an adjustment disorder. However, the ALJ's determination that the latter "is not of the level of severity to interfer[e] with the performance of sedentary work," Recommended Decision or July 20, 1989, at 4, has not been directly challenged on appeal and, in any event, is substantially supported by the psychiatric evidence in the record, see Appendix at 131, 209