9 F.3d 119
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jean E. WAHL, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
E. Shalala, Secretary, Defendant-Appellee.
 No. 93-6086.
 United States Court of Appeals, Tenth Circuit.
 
 1
 Before LOGAN and BRORBY, Circuit Judges, and KANE,* * District Judge. * * Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.
 
 
 2
 Oct. 19, 1993.
 
 ORDER AND JUDGMENT[1]
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Claimant-appellant Jean E. Wahl appeals the district court's order affirming the Secretary of Health and Human Services' denial of Ms. Wahl's application for disability benefits. Because the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 5
 Ms. Wahl applied for disability benefits in February 1987, alleging an inability to work because of a pinched nerve in her neck and a loss of the use of her right arm. She claimed that after falling against a water cooler in March 1986, she became disabled by headaches and neck and arm pain. Following two separate hearings, the administrative law judge (ALJ) issued a decision finding that Ms. Wahl failed to prove her inability to perform her past work as a public relations specialist. On review, the Appeals Council remanded for a pain analysis pursuant to Social Security Ruling 88-13 and for consideration of additional evidence. After another hearing, the ALJ issued his decision finding that although Ms. Wahl suffered from pain, it was not disabling. The Appeals Council denied review, and the district court affirmed the final decision.
 
 
 6
 On appeal, Ms. Wahl argues (1) that certain doctors lied and misinterpreted the medical evidence; and (2) that her attorneys did not work in her best interest and failed to present pertinent medical evidence to the ALJ. In social security disability cases, our scope of review is limited: we determine only whether a decision is supported by substantial evidence and whether correct legal standards were applied. 42 U.S.C. 405(g); Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-01 (10th Cir.1991). We are not authorized to reweigh the evidence or to substitute our judgment for that of the Secretary. Id. at 800; Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986). We cannot, therefore, decide whether Ms. Wahl's physicians correctly interpreted the medical evidence. Instead, we limit our review to whether the decision is supported by substantial evidence.
 
 
 7
 "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). "Evidence is not substantial if it is overwhelmed by other evidence or if it is actually mere conclusion." Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir.1990) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988)).
 
 
 8
 Here, almost every physician agreed that Ms. Wahl suffered from degenerative disc disease of the cervical spine and carpal tunnel syndrome. See R. Vol. II, Exh. 17, at 234-35 (Dr. Winnett); Exh. 18, at 237-42, 249 (Dr. Lamprich); Exh. 21, at 256 (Dr. Lawton); Exh. 24, at 265-66 (Dr. Cagle); Exh. 27, at 294 (Dr. Hooks); Exh. 29, at 309-10 (Dr. Eulberg); Exh. 46, at 337 (Dr. Matwijecky); Exh. 47, at 338 (Dr. Saleeb); Exh. 48, at 339-40 (Dr. Gill); Exh. AC-1, at 426 (Dr. Schoenhals); Exh. 50, at 342-45 (Dr. Harper). Alternatively, Ms. Wahl was diagnosed as suffering from a cervical strain, id., Exh. 27, at 289-90 (Dr. Andrews) or an injury to the C-7 and C-8 nerve roots, id., Exh. 42, at 332 (Dr. Altshuler). The ALJ recognized the existence of these impairments, finding that Ms. Wahl suffered from "a moderate musculoskeletal impairment ... which limits her ability to perform basic work-related activities (20 C.F.R.404.1521)." Id., Decision of 9/26/88 at 37.
 
 
 9
 Ms. Wahl's treating physicians disagreed, however, as to the effect these impairments had on her ability to function. Although Dr. Altschuler opined that Ms. Wahl was "temporarily totally disabled," id., Exh. 44, at 334-35, and Dr. Harper concluded that Ms. Wahl would never again be able to return to work, id., Exh. 57, at 366, the record contains numerous test results and physicians' opinions to the contrary.
 
 
 10
 For example, in October 1986, Dr. Winnett found no neurological deficit and no need for surgery, suggesting that Ms. Wahl only needed arthritic treatment with the occasional use of a cervical collar for bad days. Id., Exh. 17, at 235. Although he found her unable to work at that time, he indicated his belief that at some point she would be able to resume her duties. Id., Exh. 17, at 236.
 
 
 11
 Ms. Wahl's EMG, done in November 1986, showed no acute denervation in the muscle of the extremities and only a "mild neuopraxic [sic] lesion of the median nerves." Id., Exh. 18, at 242. Dr. Lamprich reported in December 1986 that Ms. Wahl's myelogram showed only minimal root compression, not requiring surgery, and that Ms. Wahl had a normal range of motion except for "some" stiffness and pain upon full rotation of the lower cervical spine. Id., Exh. 18, at 238-39. No sensory or motor losses were noted. Id. Dr. Lamprich opined that Ms. Wahl should be able to carry out her normal work activities despite her medical conditions. Id., Exh. 19, at 249.
 
 
 12
 In February 1987, Dr. Hooks reported that there was "minimal slowing of the median nerve" which he interpreted as latent carpal tunnel, with no muscular atrophy and only "some" tenderness in the right hand thumb. Id., Exh. 27, at 292, 294. Dr. Eulberg noted in May 1987, that Ms. Wahl had full range of motion in both her upper and lower extremities and had no ascertainable right-sided weakness. Id., Exh. 29, at 310. Dr. Schoenhals, who suggested that Ms. Wahl undergo surgery for her carpal tunnel syndrome in October 1987, concluded that his medical findings did not demonstrate a severe debilitating condition that would prevent her from performing public relations activities. Id., Exh. AC-1, at 425-26.
 
 
 13
 Finally, consultative physician Lawton found Ms. Wahl to be "neurologically intact" with no muscular atrophy, good flexibility, and a questionable medical history. Id., Exh. 67, at 387-91. He found that she should be virtually unaffected by her impairments and fully able to do work-related activities. Id. The record, therefore, supports the ALJ's conclusion that the objective medical evidence showed Ms. Wahl's impairments to be moderate.
 
 
 14
 The record also supports the ALJ's conclusion that, although Ms. Wahl suffers from a mental impairment, it is not severe enough to impede employment. Ms. Wahl has been diagnosed as having a personality disorder which might account for her exaggerated perception of disabling pain. See e.g., id., Exh. 23, at 262-63 (Dr. Hand); Exh. 25, at 267 (Dr. Nguyen); Exh. 36, at 318-22 (Dr. Hand); Exh. 72, at 399-403 (Dr. Rasmussen); Exh. 73, at 405-09 (Dr. Barker). Her examiners have noted, however, that Ms. Wahl is alert, oriented, and attentive, has a normal memory, and is able to carry out detailed job instructions. See id., Exh. 23, at 262 (Dr. Hand); Exh. 72, at 401-03 (Dr. Rasmussen); Exh. 73, at 408-09 (Dr. Barker).
 
 
 15
 Vocational testimony also supports the ALJ's conclusion that Ms. Wahl could perform her former profession of public relations specialist. Based on hypothetical questions, vocational expert Kathy Botroff opined that, even assuming that Ms. Wahl had limited use of her hands, she retained the ability to perform proofreading, public relations, or marketing duties. Id. at 95-96, 147-48.
 
 
 16
 Finally, the ALJ's pain analysis is supported by the record. Although Ms. Wahl testified that she was incapacitated by pain, the record contains contrary evidence, including lack of medical substantiation, inconsistent statements to her various doctors, and reports of activities inconsistent with disabling pain. The inability to work pain-free is not a sufficient reason to find a claimant disabled. Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). Based on our extensive review of the record, we conclude that the Secretary's decision is supported by substantial evidence and must be upheld.
 
 
 17
 Ms. Wahl complains that her attorneys did not represent her interests and that they failed to submit pertinent medical evidence of her condition to the ALJ. We address these contentions briefly. Her attorneys' letters, which raise the possibility of a mental impairment and request a psychological examination, represent legitimate attempts to have the ALJ consider all potential impairments. In addition, a review of the exhibits attached to Ms. Wahl's brief reveals that almost all are part of the record and were considered by the ALJ in making his findings. The exhibits that were not part of the record do not contain medical evidence relevant to the period in question, that is, between June 4, 1986, and March 31, 1988, and thus cannot change the outcome of this case.
 
 
 18
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3