19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sherry E. GARTON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Security of Health and Human Services,
Defendant-Appellee.
 No. 93-5177.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This appeal is from an order of the district court affirming the Secretary's denial of plaintiff Sherry E. Garton's application for disability benefits. The administrative law judge determined that plaintiff was not entitled to those benefits because she was not disabled as defined in the Social Security Act. See 42 U.S.C. 423(d)(1)(A). On appeal, plaintiff argues that the ALJ erred by not finding her disabled as a result of her mental impairments. She also claims that the ALJ erred in the use of hypothetical questions posed to a vocational expert. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 We review to determine whether the record as a whole contains substantial evidence supporting the ALJ's decision regardless of whether we would have reached a different result based on the record. Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986). We must also determine whether the Secretary's action is consistent with the Social Security Act and the relevant regulations and case law. See Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984).
 
 
 5
 The Secretary has established a five-step evaluative process for determining whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988). Plaintiff's primary contention is that the ALJ erred at step three by not finding that she had either a schizophrenic, paranoid or other psychotic disorder or an affective disorder that met the Listings of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App.1, 12.03 and 12.04. She also claims that the ALJ should have found her disabled due to her borderline personality disorder.
 
 
 6
 At the time of the ALJ's decision, plaintiff was forty-one years old and had recently completed the requirements for a degree in organizational management from Oklahoma State University. Plaintiff has been diagnosed with and treated for mental disorders, including schizophrenia and borderline personality, since 1984. To a significant extent, her mental problems have been related to alcohol abuse. None of the doctors who examined her stated that she was disabled from working. On three occasions in 1989 and 1990, she was examined by doctors specifically to determine whether she met any of the mental disorders listed in 20 C.F.R. Pt. 404, Subpt. P, App.1, 12.00. All three doctors found that she did not meet the requirements for any of the listed disorders. See Appellant's App. Vol. II at 157-70, 173-84, 187-98. In addition, all three concluded she could perform routine unskilled or simple work. See id. at 160, 184, 190. None of the other medical evidence conclusively shows that she has a listed disorder.
 
 
 7
 Plaintiff's contention that she has a listed disorder relies heavily on her own testimony regarding her mental problems. However, "whether a claimant meets or equals a listed impairment is strictly a medical determination." Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir.1990); 20 C.F.R. 404.1526(b), 416.926(b). Her testimony is therefore irrelevant. We have reviewed the record and conclude that the ALJ's findings that plaintiff did not have a listed impairment and was not otherwise disabled are supported by substantial evidence.
 
 
 8
 Plaintiff also claims that the ALJ erred in posing a hypothetical question to the vocational expert and in not relying on the expert's answer to a question her lawyer asked. The ALJ found that plaintiff could not perform her past relevant work as a fast food worker and senior secretary because these jobs involved too much stress. The ALJ found the evidence supported certain restrictions on plaintiff's ability to work. He then asked the vocational expert whether, considering those restrictions, jobs existed that plaintiff could perform. See Hargis v. Sullivan, 945 F.2d 1482, 1491-92 (10th Cir.1991). The vocational expert responded that plaintiff could perform entry-level clerical and secretarial jobs. The ALJ therefore determined plaintiff was not disabled.
 
 
 9
 Finally, plaintiff contends that the ALJ failed to consider the expert's answer to a question posed by her lawyer, in which the expert stated that plaintiff would not be able to engage in any substantial gainful activity. That question, however, included restrictions on plaintiff's abilities that the ALJ found were not supported by substantial evidence. The ALJ therefore was not bound by that answer, and his use of hypothetical questions was correct. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470