30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Earl WILLIAMS, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-6054.
 United States Court of Appeals, Tenth Circuit.
 July 12, 1994.
 
 1
 Before MOORE and EBEL, Circuit Judges, and VRATIL*, District Judge:
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 VRATIL, District Judge.
 
 
 4
 Plaintiff-Appellant Earl Williams applied for disability benefits and supplemental security income benefits on February 14, 1989, alleging a disability dating back to January 1, 1987. The Social Security Administration denied his applications initially and on reconsideration. After a de novo hearing held February 8, 1990, an administrative law judge ("ALJ") also found that Williams was not entitled to benefits. The Appeals Council denied the ensuing request for review. Williams then sought review in the federal district court. The parties consented to proceed before a United States Magistrate Judge, who affirmed the denial of benefits. We exercise jurisdiction under 42 U.S.C. Sec. 405(g) and affirm in part, reverse in part, and remand.
 
 
 5
 We review the ALJ's decision "to determine only whether his findings are supported by substantial evidence and whether [he] applied correct legal standards when making his decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991); Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Hargis, 945 F.2d at 1486.
 
 
 6
 Mr. Williams alleges disability based on chronic obstructive pulmonary disease, musculoskeletal and gastrointestinal complaints, hypertension, and inadequate personality. The ALJ applied the proper five-step sequential evaluation. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988). In doing so, the ALJ concluded that Williams had not engaged in substantial gainful activity since January 1, 1987 and that he had one or more severe impairments. The ALJ concluded that those impairments were not severe enough, either individually or in combination, to constitute an automatic disability under 20 C.F.R. Secs. 404.1520(d) or 419.920(d) (1993).
 
 
 7
 Turning to steps four and five of the sequential analysis, the ALJ concluded that Williams had the residual functional capacity for less than a full range of sedentary work, and could not return to his past relevant work as a painter. The ALJ further concluded that despite his 8th grade education and ability to communicate verbally in English, Williams was "essentially illiterate" and had no transferrable skills. Applying the grids set forth at 20 C.F.R. Pt. 404, subpt. P, App. 2 (1993), the ALJ determined that a man of Williams' age, education, and work experience who could perform a full range of sedentary work was not disabled. On appeal, Williams contends that the ALJ (1) erred at step three of the evaluation in not finding him automatically disabled; and (2) improperly applied the grids at step five of the sequential evaluation. We agree with the latter, but not the former.
 
 
 8
 Williams first challenges the ALJ's determination that he did not have a "step three" automatic disability. An individual is entitled to a finding of disability without regard to age, education, or work experience if his impairment is listed in appendix 1 or is equal to a listed impairment. See 20 C.F.R. Secs. 404.1520(d), 419.920(d) (1993). After careful consideration of Williams' arguments and the record, the Court concludes that substantial evidence supports the ALJ's determination that Williams' impairments do not meet or exceed the requirements for automatic disability under any appendix 1 listing or equivalent impairment. See generally Ellison v. Sullivan, 929 F.2d 534, 536-37 (10th Cir.1990).
 
 
 9
 Williams next contends that the ALJ erred at step five of the analysis when he concluded that Williams retained the residual functional capacity to do work in the national economy. Williams argues that he was entitled to supplemental security income benefits as a matter of law because the grids compel a conclusion that a man of his age, education, and experience is disabled even if he can perform a full range of sedentary work. In Dollar v. Bowen, 821 F.2d 530 (10th Cir.1987), this court held that according to the Secretary's grids, a 45 year old illiterate and unskilled man was disabled as a matter of law. Id. at 535-36. Because the record indicates that Williams also fits that description, we find his complaint to be well taken.
 
 
 10
 In supplemental security income benefits cases, the proper inquiry is whether the claimant can establish a disability on or after the application date. See Casey v. Secretary of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993). Williams was born August 22, 1944, applied for supplemental security income benefits on February 14, 1989, and the hearing was held February 8, 1990. Thus, Williams was 45 years old for purposes of supplemental security income benefits.[1] The ALJ concluded that Williams had no transferrable skills, and the parties do not dispute this conclusion. The ALJ also concluded that Williams could communicate verbally in English but was "essentially illiterate."
 
 
 11
 In applying the grids, however, the ALJ referred to Rule 201.19, which applies to claimants who are "at least literate and able to communicate in English." See 20 C.F.R. pt. 404, subpt. P, app. 2, Table 1 (1993). Literacy under the grids requires the ability to read and write. Dollar, 821 F.2d at 535; see also Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987). It is not enough that the claimant can sign his or her own name. Dollar, 821 F.2d at 535; Dixon, 811 F.2d at 810; see 20 C.F.R. Sec. 404.1564(b)(1) (1993). The ALJ stated that Williams could not read or write much beyond his name, and the Secretary does not explicitly contest the conclusion that Williams is illiterate. Therefore, the record does not contain substantial evidence to support the ALJ's use of Rule 201.19. Rather, the record amply demonstrates that Williams was illiterate and that application of Rule 201.17, rather than Rule 201.19, was appropriate. Under Rule 201.17, the grids direct a finding of disability. See also 20 C.F.R. pt. 404, subpt. P. app. 2 Sec. 201.00(h) (1993).
 
 
 12
 The government contends that we can affirm the ALJ's decision because a vocational expert testified that Williams was not in fact disabled because he could perform various jobs within the national economy. Although vocational experts commonly testify to such matters, they do so to establish that a claimant's grid result is appropriate even though the claimant contends that he or she suffers nonexertional limitations not taken into account by the grid framework. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993). In this case, Williams did claim mental impairments which would not be accounted for in the grids and which might make him unable to perform the range of work associated with his exertional limitations. According to the grids, however, a person with Williams' exertional limitations cannot find work, and it defies logic to think that his additional nonexertional limitations made him more employable. Thus, the regulations afforded the Secretary no opportunity to rebut a grid conclusion of "disability" through the testimony of a vocational expert. See Dollar, 821 F.2d at 535; see also Cooper v. Sullivan, 880 F.2d 1152, 1156-57 (9th Cir.1989); Vega v. Harris, 636 F.2d 900, 904 (2d Cir.1981).[2]
 
 
 13
 We find that Williams is entitled to supplemental security income benefits as a matter of law, and no further proceedings at the administrative level are necessary. See Dollar, 821 F.2d at 534. We therefore AFFIRM in part, REVERSE in part, and REMAND to the Secretary for immediate calculation and award of supplemental security income benefits.
 
 
 
 *
 The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 In disability insurance benefits cases, the claimant must establish a disability prior to the expiration of his or her insured status. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir.1990). Williams' insured status expired on December 31, 1987. Thus, Williams was only 43 years old for purposes of disability insurance benefits
 
 
 [2]
 It is not clear from the briefs whether Williams challenges the application of the grids with respect to his petition for disability insurance benefits. As to those benefits, the ALJ applied Rule 201.25, which indicates a finding of no disability. Although the ALJ should have applied Rule 201.23, which corresponds with Williams' illiteracy, that rule also indicates a finding of no disability. See 20 C.F.R. pt. 404, subpt. P, app. 2, Table 1 (1993) (grid applicable to illiterate and unskilled 43 year old man). The ALJ then accepted the testimony of the vocational expert, who testified that there were jobs available for Williams. This determination is supported by substantial evidence, and we affirm the ALJ's conclusion that Williams is not entitled to disability insurance benefits