UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 9/1/95**

VONDEARL WALLER,                        )
                                        )
     Plaintiff-Appellant,               )
                                        )
v.                                      )        No. 95-7032
                                        ) (D.C. No. CV-93-647-S)
SHIRLEY S. CHATER, Commissioner,        )      (E.D. Okla.)
Social Security Administration,         )
                                        )
     Defendant-Appellee.                )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Vondearl Waller appeals a district court decision affirming the Commissioner's[1] denial of his application for disability and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

[1]Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of health and Human Services, as the defendant

supplemental security income benefits.  Mr. Waller asserts that the conclusion that he can perform medium work and can therefore perform his past relevant work is not supported by substantial evidence.  We reverse.

Mr. Waller is now sixty-one years old.  He has a ninth grade education, and his intellectual functioning is rated as borderline.  He worked for thirty-five years in the oil fields as a well service operator and a pumper gauger, positions described by the vocational expert in this case as involving medium skilled work.  Mr. Waller bases his claim for disability benefits primarily upon a back condition that impairs his ability to walk, sit, or lift, and causes pain in his lower back that radiates down his legs.  X-ray examination disclosed a right-sided L3-L4 disk space narrowing.

The ALJ determined that Mr. Waller retains the residual functional capacity to perform a wide range of medium work.  In light of the vocational expert's testimony that Mr. Waller's past work in oil production involved medium work, the ALJ further concluded that Mr. Waller could perform his past relevant work. In so doing, the ALJ rejected both Mr. Waller's complaints of pain and the opinion of Mr. Waller's treating physician, Dr. Scott Malowney.  Moreover, the ALJ did not consider the x-ray evidence disclosing Mr. Waller's back disorder.

in this action.  Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

An ALJ's determination will not be upheld unless it is supported by substantial evidence. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987). Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by a treating physician, or "'if it really constitutes not evidence but mere conclusion.'" Id. (quoting Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985)). An ALJ's decision will also be reversed if the ALJ failed to apply the correct legal standards as set out in the relevant regulations and case law. See Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990).

The dispositive issue before us is whether the ALJ's conclusion that Mr. Waller could perform a wide range of medium work is supported by substantial evidence. We conclude that it is not. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c) (1994).[1] The series of x-rays performed on Mr. Waller's back shows "L2-L3 osteoarthritis with disk bridging and the L3-L4 area shows a right-sided probable disk space compression consistent with his symptoms." Rec., vol. II at 176. Dr. Malowney diagnosed "[p]robable right L3-L4 disk herniation," id., and recommended a CAT scan and

---

[1]Surprisingly, the hypothetical the ALJ proffered to the vocational expert described an individual who could lift 10 pounds frequently and up to 20 pounds occasionally. This, of course, describes light work, not medium. 20 C.F.R. § 404.1567(b)(1994). Based on this hypothetical the vocational expert opined that the described individual could not perform any of the past work of Mr. Waller.

surgery.[2]

Dr. Malowney further opined that Mr. Waller was disabled on the basis of his back impairment. Under the five-step analysis applicable to disability benefits claims, see, e.g., Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989), a claimant will be found disabled at step three if his impairment meets one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. Dr. Malowney stated that Mr. Waller met the requirements under which disability will be found on the basis of:

> Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
>
> 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
>
> 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

Id. at § 1.05(C). The ALJ rejected Dr. Malowney's opinion because it was inconsistent with his initial observation that Mr. Waller retained a "quite normal" range of back motion, without

---

[2]Dr. Malowney stated that the problem could probably be remedied through surgery. The surgery, for which Mr. Waller could not pay, would apparently be available to him once he was approved for vocational rehabilitation. Accordingly, Dr. Malowney recommended that Mr. Waller go through vocational rehabilitation rather than apply for disability. Counsel for Mr. Waller states that he applied for vocational rehabilitation and was turned down because of his age. It is undisputed that Mr. Waller does not have the financial ability to pay for the treatment recommended by Dr. Malowney and that Dr. Malowney was in fact treating Mr. Waller without charge.

assessing the impact of the subsequent x-rays.

Even if this perceived inconsistency supported the ALJ's rejection of Dr. Malowney's opinion that Mr. Waller met the requirements of section 1.05(C), it does not support the ALJ's complete failure to address Dr. Malowney's unrebutted diagnosis that Mr. Waller suffers from a herniated disk which requires surgery and which is consistent with Mr. Waller's complaints of pain and other symptoms.[3]

---

[3]Dr. George LeBeau appeared at the hearing as a medical expert. He had not treated Mr. Waller, but he was hired by the Social Security Administration as a consulting physician to review Mr. Waller's records. When Mr. Waller's attorney asked Dr. LeBeau about Dr. Malowney's evaluation, the following exchange took place:

    Q. And do you disagree with Dr. Maloney's evaluation that there is something at the L3-4?

    A. I don't -- I cannot agree or disagree. I've not even seen the x-rays. All I can do is read reports --

    Q. Okay.

    A. -- so I can't agree or disagree with them. I can just tell you what the reports say.

    Q. Would it help if you had the x-rays to look at?

    A. No, ma'am, because I am an internist. I do not do these [sic] type of work. I refer this to an orthopedic surgeon to go ahead and have them to evaluate it.

    Q. I see. All right.

    A. And I would rely on either the orthopedic surgeon or a radiologist to read x-rays. I can just tell you that whenever somebody has narrowed disc

The ALJ also concluded that Mr. Waller's pain was not severe enough to be a nonexternal limitation in his ability to perform medium work because his medical records indicate that he does not take pain medications. However, it is undisputed that Mr. Waller cannot afford to buy medicine and that the medications he did receive were physician's samples given to him by his doctor. As we have noted, it is also undisputed that Mr. Waller cannot afford surgery. It would hardly seem necessary to point out that a claimant will not be denied disability benefits because he is financially unable to obtain treatment. See Teter v. Heckler, 775 F.2d 1104, 1107 (10th Cir. 1985); see also Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987).

In sum, we conclude that the ALJ erred in determining that Mr. Waller could perform a wide range of medium work. The ALJ evaluated Mr. Waller's complaints of pain under an improper standard and did not adequately address his treating physician's opinion that Mr. Waller's objective medical condition was consistent with his symptoms. Moreover, the record contains no evidence to support the ALJ's conclusion that a claimant such as Mr. Waller, who suffers from a herniated disk requiring surgery, has the ability to perform work requiring him to lift fifty pounds and frequently lift and carry twenty-five pounds.

---

space, the etiology is very far from determined. You usually have to get a CAT scan. Quite often, a CAT scan with a myelogram, to see if you've got a herniated disc.

Rec., vol. II at 56-57.

Accordingly, we reverse the ALJ's determination that Mr. Waller can perform medium work and can therefore perform his past relevant work. We remand for further proceedings at step five of the sequential analysis to determine whether Mr. Waller can do other work. In so doing, we point out that the ALJ must consider the impact of 20 C.F.R. § 404.1563(d) (1994), which addresses age

as a vocational factor, and the impact of Mr. Waller's borderline intellectual functioning.

**REVERSED AND REMANDED.**

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge