UNITED STATES COURT OF APPEALS

**Filed 12/18/95**

TENTH CIRCUIT

EVELYN KIRBY,                                    )
                                                 )
    Plaintiff-Appellant,                         )
                                                 )      No. 95-7078
v.                                               )    (D.C. No. CV-94-247)
                                                 )       (E.D. Okla.)
SHIRLEY S. CHATER, Commissioner of               )
Social Security,                                 )
                                                 )
    Defendant-Appellee.                          )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of the court's General Order filed November 29, 1993. 151
F.R.D. 470.

Evelyn Kirby appeals a district court decision affirming the Secretary's[1] denial of Social Security Benefits under Title II and Supplemental Security Income under Title XIV. Ms. Kirby contends that the findings of the Administrative Law Judge (ALJ) were not supported by substantial evidence. Specifically, she argues that the ALJ should have found Ms. Kirby met or equaled a listed impairment, and that the ALJ failed to establish she could perform unskilled work. We affirm.

Ms. Kirby, who was twenty-eight years old at the time of the hearing before the ALJ, incurred a serious closed head injury in May 1982, and subsequently received extensive hospital care and rehabilitation. Ms. Kirby completed high school and has one child. She also completed an automobile body repair course. She maintains that she has been disabled since June 1, 1992, as a result of poor vision, emotional problems, poor coordination, and memory deficits.

An ALJ's opinion will only be upheld if it supported by substantial evidence. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987). Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by a treating physician, or "'if it really constitutes not evidence but mere conclusion.'" Id. (quoting Knipe v.

---

[1]Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services. Although we have substituted the Commissioner for hte Secretary in the caption, in the text we continue to refer to the Secreary because she was the appropriate party at the time of the underlying decision.

Heckler, 755 F.2d 141, 145 (10th Cir. 1985)).  An ALJ's decision may also be reversed if she failed to apply the correct legal standards as set out in the relevant regulations and case law.  See Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990).  We neither reweigh the evidence nor substitute our judgment.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

First, Ms. Kirby contends the ALJ's finding that she did not meet a listed impairment was founded on misinterpretation of Listing 12.02 and misevaluation of the evidence.  Ms. Kirby's school records indicate that she had an DIQ of 114 before her accident, as measured by an Otis-Lennon Mental Ability Test (OLMAT).  One year after the accident, her IQ as measured by the Wechsler's Adult Intelligence Scale - Revised (WAIS-R) was 95.  Nine years later, in 1992, her IQ as measured by the WAIS-R was 86. She asserts that her reduction in IQ satisfies the medical criteria of Listing 12.02.A7.

To meet this listing, a claimant must demonstrate a drop in IQ and its specific cause.  "History and physical examination or laboratory tests [must] demonstrate the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities."  20 C.F.R. Part 404, Subpt. P, App. 1, 12.02.  Ms. Kirby has not met this burden.  None of the physicians who examined her described the cause of her loss of intellectual activity.  Moreover, the regulations provide that "diagnosis must . . . be established on the basis of medically acceptable clinical and laboratory diagnostic techniques."  Id. at § 416.925(c); see also id.

3

at Part 404, Subpt. P, App. 1, 12.00(D) ("In instances where other tests are administered, it would necessary to convert the IQ to the corresponding percentile rank in the general population in order to determine the actual degree of impairment reflected by those IQ scores."). Ms. Kirby has not established that her OLMAT score satisfies these standards. Accordingly, she has not met her burden of proving that she meets or equal a Listing 12.02. See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992). We see no other errors in the ALJ's assessment of Ms. Kirby's mental impairments.

Second, Ms. Kirby challenges the ALJ's finding that she retained the capacity to perform alternative work in the national economy. Having concluded that Ms. Kirby could perform sedentary and light unskilled work, the ALJ considered the availability of alternative work by reference to the Medical-Vocational Guidelines and the testimony of a vocational expert. Disability may not be determined by resort to the guidelines alone when nonexertional impairments affect a claimant's residual functional capacity. In such a case, the Commissioner "must produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy." Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991). Thus, we must determine whether the vocational expert's testimony constituted substantial evidence supporting the ALJ's determination.

Ms. Kirby based this argument on the fact that when the vocational expert formulated his opinion, his information concerning the drop in Ms. Kirby's IQ scores was incomplete. When the vocational expert testified that Ms. Kirby could perform the full

4

range of light and sedentary work, he believed that her IQ had fallen from a score of 97 before the accident to a score of 86 after the accident. In fact, Ms. Kirby's IQ was 97 after the accident and then subsequently dropped to 86. When informed of this fact, the vocational expert stated that "[f]rom a vocational standpoint what would really help is to know what her IQ was before the injury." App., vol. 2 at 75. Although the record was subsequently supplemented to include the pre-injury OLMAT score of 114, there is no additional vocational testimony incorporating this information.

We nonetheless do not believe reversal is required. In assessing the evidence pertaining to her mental ability, the ALJ recognized that Ms. Kirby's pre-injury OLMAT IQ was 114. However, as the ALJ pointed out, the vocational expert stated that Ms. Kirby could perform unskilled work with her present IQ . This assessment of Ms. Kirby's present ability, based on her current IQ and other currently existing factors, is not dependent upon ascertaining when the drop to her present IQ occurred. Accordingly, we conclude that the ALJ's decision is supported by substantial evidence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge