UNITED STATES COURT OF APPEALS
**Filed 10/28/96**
FOR THE TENTH CIRCUIT

CECIL E. HICKS,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 95-7151
(D.C. No. CV-94-506-S)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, ALDISERT,[***] and BALDOCK, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Cecil E. Hicks appeals the district court's order affirming the decision of the Secretary of Health and Human Services denying his applications for social security disability insurance and supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

Claimant's applications were denied initially and on reconsideration. Following a hearing, the administrative law judge (ALJ) concluded the analysis at step four of the five-step evaluation sequence, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing the five steps in detail), determining that claimant had the residual functional capacity to return to his past relevant work as a janitor, grounds keeper, dishwasher, trash collector, packer, and grocery sacker. In addition, the ALJ determined that claimant's impairments did not prevent him

_____

[***]    Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

-2-

from continuing with his employment as a toy assembler in a sheltered workshop. The Appeals Council accepted review, completed and appended a Psychiatric Review Technique form, and affirmed the ALJ's decision. The district court adopted the findings and recommendation of the magistrate judge affirming the decision of the Secretary, claimant appeals, and we affirm.

At step four, claimant bears the burden of establishing that he is unable to return to his past relevant work. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

Claimant is a thirty-year-old man with a high school education in special education classes. At the time of the hearing, he was employed in a sheltered workshop assembling toys. Claimant alleged that he is unable to work in the competitive workplace because of his limited intelligence, inability to understand and follow directions, short attention span, and inability to control his frustration and temper. At the hearing, claimant also complained of hip pain.

The ALJ found that claimant was impaired by borderline intellectual functioning which was severe enough to impact claimant's ability to work. The ALJ further found, however, that claimant's impairments did not prevent him

from performing his past work and a full range of unskilled, light to medium work, subject to his borderline intellectual functioning.

On appeal, claimant specifically argues that (1) the ALJ erred in finding that claimant's impairment does not meet the listing of § 12.05; (2) the consultative testing relied on by the ALJ was incomplete and not supported by substantial evidence;[1] (3) the ALJ erred in not completing a Psychiatric Review Technique form; (4) the ALJ failed to develop the record as to the particular demands of claimant's past relevant work, and claimant's ability to meet those demands; and (5) the ALJ relied on the testimony of a vocational expert which was not based on a hypothetical question containing all of claimant's true impairments.

Claimant's main argument is that the ALJ's determination that his mental impairments did not meet listing § 12.05C of 20 C.F.R. Pt. 404, Subpt. P, App.1 is not supported by substantial evidence. To meet the listing, a claimant must have "[a] valid verbal, performance, or full scale IQ of 60 through 70 <u>and</u> a physical or other mental impairment," § 12.05C (emphasis added), which imposes

---

[1]     This issue was not raised and ruled on in the district court. Because there are no "compelling reasons" to consider this waived argument on appeal, we decline to do so. See <u>Crow v. Shalala</u>, 40 F.3d 323, 324 (10th Cir. 1994).

"additional and significant work-related limitation of function," Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990).

Upon admission to work in the sheltered workshop, claimant was tested by Dr. Roy T. Maxwell who ascertained claimant had a verbal IQ of 68, a performance IQ of 79, and a full scale IQ of between 68-76. R. Vol. II at 176. At the request of the Secretary, claimant was tested by Dr. Randy L. Crittenden who ascertained that claimant had a verbal IQ of 74, a performance IQ of 84, and a full scale IQ of 76. Id. at 160. Claimant's lowest score, a verbal IQ of 68 obtained by Dr. Maxwell's testing, falls within the qualifying range. However, even if the ALJ had favored Dr. Maxwell's results over those of Dr. Crittenden, as claimant asserts he should have, claimant fails to satisfy the second prong of the § 12.05C test, by showing an additional and significant physical or mental impairment. See Ellison, 929 F.2d at 536.

Although claimant testified that he had hip pain, his subjective complaints were not supported by objective medical evidence, and after considering claimant's complaints under Luna v. Bowen, 834 F.2d 161, 165 (10th Cir. 1987) and Soc. Sec. R. 88-13, the ALJ concluded that claimant's allegations of pain were not credible. This conclusion is supported by the record.

At the hearing, claimant testified that he was unable to lift because of an injury to his shoulder in 1989, when he was hit with a baseball bat. In April

1990, Dr. Wayne Flatt noted a "mild deformity" in claimant's shoulder which he opined was most likely "a projectional phenomenon." R. Vol. II at 152. The record, however, is void of any indication that claimant's shoulder injury would prevent him from engaging in the light to medium work activities the ALJ found him capable of performing.

Insofar as claimant attempts to assert that the ALJ should have considered illiteracy as an additional limiting impairment, the record is lacking in any indication that claimant asserted illiteracy as an impairment impacting his ability to work. Accordingly, even if claimant's IQ fell in the 60 to 70 range, claimant has no other physical or mental impairment which would serve to satisfy the listing. See § 12.05C.

Although 20 C.F.R. § 416.920a(d) directs the ALJ to complete a Psychiatric Review Technique form at the hearing stage, we agree with the district court that the ALJ's failure to do so here did not prejudice claimant. The Appeals Council notified claimant of its intent to complete and append a Psychiatric Review Technique form to the decision, giving claimant twenty days to comment. R. Vol. II at 7. The Appeals Council noted that claimant failed to respond. Id. The Appeals Council completed the form in accordance with the ALJ's findings. Id. at 8. Therefore, claimant was not prejudiced by the omission, and there is no error. See, e.g., Bernal v. Bowen, 851 F.2d 297, 302 (10th Cir. 1988)(no error

exists where claimant not prejudiced by ALJ's failure to have mental health professional assist in completing the form). Moreover, the record contains an additional Psychiatric Review Technique form completed by C.M. Kampschaefer, Ph.D. R. Vol. II at 135-46.

Claimant contends that the ALJ erred in his step-four analysis by not comparing the requirements and demands of claimant's prior jobs to his limitations. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993)(ALJ has duty to consider the claimant's residual functional capacity in relation to the physical and mental demands of claimant's past work). Specifically, claimant asserts that the ALJ failed to consider that claimant's inability to follow orders and understand directions prevents him from holding a competitive job on a sustained basis. The record belies this contention.

The ALJ thoroughly considered the findings of Dr. Crittenden that claimant's "[a]ttention span, concentration and capacity to understand instructions was quite good," and that he appeared friendly, cooperative, and showed no signs of anxiety or tension. R. Vol. II at 158. In addition, the evaluation done by the sheltered workshop director indicates that claimant was capable of working with only limited supervision after receiving one-step instructions; had satisfactory interaction with his supervisor and coworkers; had satisfactory responses to pressure; was able to deal normally with changes in work routine; and required

minimal supervision throughout the day.  Id. at 147.  Therefore, contrary to claimant's assertion, the record substantially supports the ALJ's determination that claimant's ability to do his past relevant work was not limited by an inability to follow orders and understand directions.

The ALJ found that claimant did not have a physical impairment which would limit his ability to work and therefore was capable of performing a full range of light and medium, unskilled work, limited only by his borderline intellect.  See id. at 34.  The ALJ found, however, that this limitation did not prevent claimant from performing the entry grade level tasks involved in his past relevant work, including his work assembling toys in the sheltered workshop, a job claimant has held successfully since 1992.  See 20 C.F.R. § 404.1573(c)(providing that work done in a sheltered workshop may show a claimant possesses "the necessary skills and ability to work at the substantial gainful activity level").  Accordingly, contrary to claimant's assertion, the ALJ adequately developed the record and made the requisite findings regarding claimant's ability to do his past relevant work considering his limitations.

Lastly, claimant contends that the ALJ erred in relying on the testimony of a vocational expert based on a hypothetical question which did not contain all of claimant's impairments.  In a step-four determination, the ALJ is not required to obtain the testimony of a vocational expert.  See Glenn v. Shalala, 21 F.3d 983,

988 (10th Cir. 1994). Here, the ALJ obtained the testimony of a vocational expert, but only relied on the expert's testimony to show that claimant could perform a significant number of other jobs existing in the national economy, a step-five determination. R. Vol. II at 33. Because the ALJ ultimately decided this case at step-four, and did not make an alternate step-five determination, he did not improperly rely on the testimony of the vocational expert.

Contrary to claimant's assertions, our review of the record indicates that the ALJ properly and adequately considered and evaluated his mental impairment. He determined that claimant's mental impairment did not prevent him from performing his former work activities, and stated the reasons for his decision. We conclude that substantial evidence supports the Secretary's decision to deny claimant's applications for disability benefits.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

-9-