UNITED STATES COURT OF APPEALS

**Filed 12/18/95**

TENTH CIRCUIT

---

MAE LOVE,                                          )
                                                   )
    Plaintiff-Appellant,                       )
                                                   )       No. 95-7113
v.                                                 )   (D.C. No. CV-94-508-B)
                                                   )     (E. Dist. Okla.)
SHIRLEY S. CHATER, Commissioner of                 )
Social Security Administration,                    )
                                                   )
    Defendant-Appellee.                        )

---

ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Mae Love appeals a district court decision affirming the Secretary's[1] denial of Social Security Benefits under Title II and Supplemental Security Income under Title XVI. Ms. Love contends the findings that she possessed the residual functioning capacity (RFC) for a full range of light work and that she retained the capacity to perform her past relevant work were not supported by substantial evidence. We affirm.

At the time of her administrative hearing, Ms. Love was 56 years old. She last worked at Adventist Hospital and at the Little Cookie Machine in December, 1989. She testified that she left her most recent job because they did not need her anymore. Aplt. App., vol. II at 28. She suffers from the continuing effects of ischemic heart disease. She takes nitroglycerine for her chest pains and aspirin for regular headaches. Id. at 34-35. Ms. Love routinely cleans her house and yard, addresses her personal needs, cooks and shops at the grocery store. Id. at 28-29.

An ALJ's opinion will only be upheld if it supported by substantial evidence. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987). Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by a treating physician, or "'if it really constitutes not evidence but mere conclusion.'" Id. (quoting Knipe v.

---

[1] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

<u>Heckler</u>, 755 F.2d 141, 145 (10th Cir. 1985)). An ALJ's decision may also be reversed if she failed to apply the correct legal standards as set out in the relevant regulations and case law. See <u>Ellison v. Sullivan</u>, 929 F.2d 534, 536 (10th Cir. 1990). We neither reweigh the evidence nor substitute our judgment. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

First, Ms. Love argues that there was insufficient evidence to support the ALJ's determination that she could perform a full range of light work. In particular, she asserts that the ALJ erroneously found that her ability to perform work-related activities is not significantly limited by pain. Recognizing that the objective measurement of pain is impossible, see <u>Luna v. Bowen</u>, 834 F.2d 161 (10th Cir. 1987), the ALJ relied in large part on his assessment of Ms. Love's credibility and the relative absence of "physical changes such as premature aging, weight loss, impaired gait and weakness in the extremities, progressive physical deterioration and atrophy of associated musculature." Aplt. App., vol. II at 15. In considering "'the consistency or compatibility of nonmedical testimony with the objective medical evidence,'" <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1489 (10th Cir. 1993) (quoting <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1489 (10th Cir. 1991)), the ALJ found that Ms. Love's testimony was not consistent with the evidence before him, and concluded that her pain was not so severe as to be disabling. In light of Ms. Love's testimony concerning her daily activity, the ALJ's determination that Ms. Love could perform a full range of light work is supported by substantial evidence.

Second, Ms. Love contends the ALJ's determination that she retained the capacity to perform her past relevant work was not supported by the evidence. This argument fundamentally restates Ms. Love's contention that the ALJ improperly assessed her ability to perform work-related activities. Having determined that Ms. Love could lift weights of less than 20 pounds, and weights of 10 pounds frequently, and that her pain was tolerable, the ALJ found that she could perform her past work. Ms. Love argues that her previous work, as actually performed, was more physically demanding than the category of employment to which the ALJ referred. However, the ALJ need only determine whether a claimant can perform her previous work either as she actually performed it or as it is performed in the national economy. See 20 C.F.R. §§ 404.1560(b), 416.960(b); Andrade v. Secretary of Health & Human Services, 985 F.2d 1045, 1050 (10th Cir. 1993); Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1349 (10th Cir. 1990); Tillery v. Schweiker, 713 F.2d 601, 602 (10th Cir. 1983).

Because we substantially agree with the reasoning of the magistrate judge, we AFFIRM. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-